UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

COLIN ROSE,

    Petitioner,

vs.                                                                 No. 1:11cv597 MCA/RHS

LEE VAUGHN,
Warden, Cibola County Correctional,

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Petitioner's Petition For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") filed July 6, 2011. [Doc. 1] This case was referred to the undersigned by the trial court with instructions to recommend an ultimate disposition of the case. [Doc. 4.] Respondent filed Respondent's Response To The Order To Show Cause And Motion To Dismiss Petition for Writ of Habeas Corpus ("Response") on August 24, 2011. [Doc. 11.] After review of the pleadings and relevant authorities, the Court concludes that jurisdiction is lacking, and therefore recommends that the Petition [Doc. 1.] be dismissed.

## I.
## FACTS AND PROCEDURAL HISTORY

Petitioner Colin Rose is a Jamaican native who entered the United States as a legal permanent resident in 1982 when he was fourteen years old. [Doc. 1 at 5.] He resided with his mother and stepfather. Id. He alleges that he derives citizenship from his stepfather who was a citizen of the United States. Id. When Petitioner was seventeen years old he enlisted in the United States Army National Guard for the State of New York. Id.

On November 7, 1997, in the United States District Court for the District of Virginia, Cause No. 97-225-A, Petitioner entered his plea of guilty to: (1) conspiracy with intent to distribute marijuana, cocaine, and crack cocaine in violation of 21 U.S.C. § 846; and (2) use of interstate facilities to commit crimes of violence to further unlawful activity in violation of 18 U.S.C. § 1952. [Doc. 11-2.]  Petitioner was sentenced to life imprisonment on both offenses to run concurrently. Id. at 2.  On January 22, 1999, the District Court entered its Order granting a downward departure and reducing Petitioner's sentence to twenty (20) years for each offense, to run concurrently. [Doc. 11-3.] Petitioner is presently in the custody of the Bureau of Prisons ("BOP") serving his sentence on the federal drug related charges in the Cibola County Correctional Facility in Milan, New Mexico. [Doc. 1.]

On January 4, 2007, U.S. Department of Homeland Security, Immigration and Customs Enforcement ("ICE") filed an Immigration Detainer ("Detainer"). [Doc. 11-1.]  The Detainer notified BOP that ICE had initiated an "investigation" to determine whether Petitioner "is subject to removal from the United States."  Id.  The Detainer requested that BOP detain Petitioner, as required by 8 C.F.R. § 287.7 (2011), "for a period not to exceed 48 hours" to allow INS to assume custody of the Petitioner upon release.  Id.  The Detainer further requested that BOP notify ICE when Petitioner would be released, specifically requesting notification "at least 30 days prior to release or as far in advance as possible."  Id.

On December 8, 2010  the Department of Homeland Security issued a Notice to Appear to Petitioner and commenced removal proceedings. [Doc. 11- 4.]

On July 6, 2011, Petitioner filed the instant Petition For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2241. [Doc. 1.]  He petitions this Court to compel termination of the Detainer lodged by ICE by claiming that he either is eligible to become a naturalized U.S. citizen

or he is already a derivative U.S. citizen. [Doc.1; Doc. 11.]  The matter now before the Court is Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus.  [Doc. 11.]  In his motion, Respondent moves to dismiss the Petition because Petitioner is not the subject of a final order of removal.  Even if he were subject to a final order of removal, Petitioner has not established any basis for derivative citizenship nor has he brought his derivative citizenship claim before the proper court.

## II.
## ANALYSIS

28 U.S.C. § 2241 provides relief for prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).  As a threshold matter, the Court must determine whether Petitioner is "in custody" pursuant to § 2241 in order to establish jurisdiction. § 2241(c)(3); Wilson v. Jones, 430 F.3d 1113, 1120 (10th Cir. 2005). Petitioner contends that he is in "the physical custody" of ICE because ICE lodged the Detainer while he was incarcerated on his federal drug related charges and that he has been in ICE custody ever since.  [Doc. 1 at 4.]  Respondent seeks dismissal of the § 2241 Petition on the grounds that Petitioner is not currently subject to a final order of removal and therefore, "not in detainer custody."  [Doc. 11 at 6.]

The Tenth Circuit has determined "that the lodging of a detainer, without more, is insufficient to render the alien in custody." Galaviz-Medina v. Wooten, 27 F.3d 487, 493 (10th Cir. 1994) ("a detainer usually serves only as notice to federal prison authorities that the INS is going to be making a decision about the deportability of the alien in the future.")  Prisoners are not in custody for the purposes of 28 U.S.C. § 2241 simply because ICE lodged a detainer. Id. Petitioner admits that he is currently serving his sentence on federal drug charges. [Doc. 1 at 4.] He argues that he is under ICE custody because of the detainer, and further claims that the

facility where he is incarcerated is designated an immigration detention facility of BOP. Id. Petitioner offers no evidence or legal authority to support this assertion. Id. Moreover, Petitioner does not argue that his deportation has been ordered. [Doc. 1, Doc. 15.] Accordingly, the Petitioner does not meet the custody requirement of § 2241(c), and therefore the Petition for Habeas Corpus must be dismissed because the Court only has jurisdiction to hear cases where a petitioner is in custody.

Petitioner raises issues regarding his immigration status that are not within this Court's jurisdiction. Petitioner, in contesting the removal proceedings, also asks that this Court to allow him to apply for naturalization based on his service in the military, or to allow his citizenship based on his theory of derivative citizenship. [Doc.1 at 7.] This argument is based on the alleged citizenship of his stepfather. Id. There is no evidence before this Court that Petitioner's stepfather legally adopted him and therefore, Petitioner fails to establish the requirements for derivative citizenship. Petitioner must be subject to a final order of removal to assert these arguments. 8 U.S.C. § 1252(a)(5). Currently, Petitioner is only subject to an immigration detainer and not a final order of removal. [Doc.1; Doc. 11.]

If and when Petitioner becomes subject to a final order of deportation, Petitioner's challenge to that order must occur in the appropriate forum for judicial determination of his claim for derivative citizenship, which is the Court of Appeals. U.S.C. § 1252(a)(5); see also, Henriquez v. Ashcroft, 269 F.Supp.2d 106, 108 (E.D.N.Y. 2003); Alvarez-Bajaras v. Gonzales, 418 F.3d 1050, 1052-3 (9th Cir. 2005) (judicial review of all deportation, exclusion, or removal orders lies exclusively in the United States Circuit Court of Appeals, and the district court has no jurisdiction to review such removal orders.) Petitioner's instant motion has been filed in the United States District Court which is not the appellate court. This Court, therefore, finds that

even if Petitioner were subject to a final order of removal it would lack jurisdiction over the matter.

## III.
## RECOMMENDATION

The Court concludes that it lacks habeas jurisdiction, therefore the Court recommends that the Petition [Doc. 1] be dismissed for lack of jurisdiction.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant 28 U.S.C. § 636(b)(1), file written objections to these proposed findings and recommended disposition. A party must file any objections with the clerk of the district court within the fourteen (14) day period allowed if that party would like to have appellate review of the proposed findings and recommendations. If objections are not filed, appellate review will not be allowed.

_Robert Hayes Scott_
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE